IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE MATEO RODRIGUES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-294-GPM |
| | ) |
| W.A. SHERROD, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition is summarily dismissed.

### THE PETITION

At the time he filed the instant § 2241 petition, Petitioner was confined at the Federal Correctional Institute located in Greenville, Illinois (FCI-Greenville). While confined at FCI-Greenville, it appears that Petitioner was approached by members of the Latin Kings gang and

threatened. These threats apparently were reported to prison officials, and Petitioner was placed in the Segregated Housing Unit (SHU) at FCI-Greenville.

In January 2009, a Mr. Edward W. Blum, identified as a "Senior Consultant" for "Legal Research & Associates, a Pro Se Service," located in Laughlin, Nevada, wrote a letter to Respondent Warden Sherrod concerning Petitioner. In his Letter, Blum complained that prison officials had failed to conduct an investigation into the threats made by the Latin Kings gang members against Petitioner and expressed his desire that criminal charges be pressed against the gang members involved with making the threats (*see* Doc. 1, Ex. A). Petitioner contends that in retaliation for Blum's letter, prison officials "doctored the record to show an [undisposed criminal] charge pending against" him in Ramsey County, Minnesota, when there was no response to their "usual detainer inquiries."[1] Petitioner contends that (1) there are no undisposed criminal charges pending against him in Ramsey County, Minnesota (or, apparently, anywhere else); (2) prison officials knew that there were no undisposed criminal charges pending against him in Ramsey County, Minnesota; and (3) due to the appearance of (false) undisposed criminal charges pending against him in Ramsey County, Minnesota, on his prison record his "security points have been raised and he is being threatened with transfer from a lower security facility to a higher security United States Penitentiary." After filing this action, Petitioner subsequently informed this Court that he has been transferred to the Federal Correctional Institution located in Memphis, Tennessee (FCI-Memphis).

---

[1] Attached to the petition are copies of two "Detainer Action Letters" from the Federal Bureau of Prisons (FBOP) to the court in Ramsey County, Minnesota (*see* Doc. 1, Exs. B and D). The gravamen of these letters is that the BOP has information that criminal charges are pending against Petitioner in Ramsey County, Minnesota. The letters provide information on how – if the criminal matter is still pending – a detainer can be filed. The Court notes that both letters are dated *before* January 2009 (when Blum allegedly sent his letter to the BOP).

**DISCUSSION**

Petitioner brings this action under the umbrella of habeas corpus law.  28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973).  The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement.  *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy.  *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner effectively seeks an injunction prohibiting his transfer from FCI-Greenville to a more restrictive facility (e.g., the United States Penitentiary located in Terre Haute, Indiana).  Petitioner's challenge does not request a "quantum change in the level of custody"– that is, he does not seek his outright freedom, freedom subjecting him to the reporting and financial constraints of parole or probation, or the run of the prison at FCI-Greenville in contrast to solitary confinement.  In fact, he seeks the opposite:  no change in the level of custody – that is, the continuation of his confinement in a Federal Correctional Institution rather than a United States Penitentiary.

Indeed, the gravamen of Petitioner's claim is that he is being retaliated against for complaining about the conditions of his confinement and the lack of an adequate response to those

conditions by prison officials. A claim by an inmate that he is being retaliated against for exercising his First Amendment rights is cognizable in a civil rights action. *See e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Therefore, § 2241 does not provide Petitioner relief for his claim.

While courts sometimes construe a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee. Additionally, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Petitioner may not want this Court to *sua sponte* subject him to these potential pitfalls since the transfer Petitioner feared – from a Federal Correctional Institution to a United States Penitentiary – did not materialize. Instead, Petitioner has been transferred from one Federal Correctional Institution to another Federal Correctional Institution.

### DISPOSITION

This habeas corpus action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED: 10/19/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge